**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

RONALD GERALD #292-226
        Petitioner               :

     v.                             :   CIVIL ACTION NO. CCB-11-3047

STATE OF MARYLAND, et al.,     :
        Respondents

**MEMORANDUM**

Petitioner Ronald Gerald, presently incarcerated in Jessup Correctional Institution, challenges the length of his sentence, claiming that prison officials have miscalculated his mandatory release date. Specifically, Gerald claims he has successfully petitioned the appropriate state courts for sentence modification, yet prison staff failed to amend his commitment records to reflect the changes. Although sentence calculation disputes generally are issues of state law that do not give rise to a federal question,[1] *see Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991), the claim presented raises a question of due process which would be actionable here. Respondents move to dismiss the petition as moot or alternatively as unexhausted, ECF Nos. 6 & 11, and Gerald has replied, ECF No. 7.

As noted in an earlier memorandum, Gerald is no stranger to the criminal courts in the State of Maryland.[2] In Case No. 199224055, on March 10, 2000, he received an aggregate sentence of 60 years following conviction in the Circuit Court for Baltimore City for robbery with a dangerous weapon and related offenses. In Case No. 595166017, a Baltimore City Circuit

---

[1] A violation of state law which does not infringe upon a specific constitutional right is cognizable in federal habeas corpus proceedings only if it amounts to "a fundamental defect which inherently results in a complete miscarriage of justice." *Hailey v. Dorsey*, 580 F.2d 112, 115 (4th Cir. 1978) (quoting *Hill v. United States*, 368 U. S. 424, 428 (1962)).

[2] Examination of Maryland Judiciary Case Search reveals four Circuit Court entries naming Gerald as criminal defendant. *See* http://casesearch.courts.state.md.us/inquiry/inquirySearch.jis.

Court judge revoked probation for an earlier attempted murder conviction and sentenced Gerald to 11 years of incarceration to be served consecutive to the sentence imposed in Case No. 199224055. ECF No. 6, Exs. 1 & 2. Maryland's electronic case search record shows that on October 1, 2001 and again on June 2, 2005, sentence recalculation occurred in Case No. 199224055.

As noted in respondents' January 10, 2012, response, "although the most recent commitment record received by the DOC from the circuit court indicates that a 25-year sentence was imposed in count 9 of case no. 199224055," the online docket entries for the case did not "reflect a sentence for that count." ECF No. 6, at 5 n.1 (citing ECF No. 6, Ex. 1). Instead, the docket entries appeared "to indicate that the sentence in that count was 'vacated.'" *Id.* (citing ECF No. 6, Ex. 5). Respondents state that Division of Correction ("DOC") personnel would "contact the court to obtain clarification regarding this apparent discrepancy." *Id.*

The DOC contacted the circuit court by letter dated February 1, 2012, noting that as a result of the October 1, 2001 modification, the total time to be served in Case No. 199224055 appeared to be 25 years, but that the commitment record listed the total time to be served as 50 years. ECF No. 11, Ex. 1. On March 5, 2012, the circuit court issued an amended commitment record in the case, reflecting a 20-year sentence in count 6 for use of a handgun and a consecutive five-year sentence in count 12 for felony possession of a handgun, for a term of confinement totaling 25 years, commencing July 18, 1999. *Id.* at Ex. 2. As noted in the supplemental response, on August 28, 2000, the Circuit Court for Baltimore City also committed Gerald to the custody of the Commissioner of Correction to serve 11 years in Case No.

595166017, after finding him in violation of probation, and ordered the sentence to run consecutively to the sentence imposed in Case No. 199224055.[3]

The amended commitment record reflects a total time of 25 years to be served in Case No. 199224055. The DOC has adjusted its records to reflect that change, thus rendering Gerald's claim moot.[4] *See Spencer v. Kemna,* 523 U.S. 1, 7 (1998) (case is moot if "it no longer present[s] a case or controversy under Article III, § 2, of the Constitution").

Accordingly, the case shall be dismissed by separate order. The court declines to issue a certificate of appealability.[5]

July 27, 2012                                     /s/
Date                                   Catherine C. Blake
                                       United States District Judge

---

[3] Respondents indicate that when added together, these sentences result in a term of confinement with a maximum expiration date of July 18, 2035 (July 18, 1999, plus 25 years, plus 11 years, equals July 18, 2035). *See* Md. Code Ann. Corr. Servs. ("CS") § 3-701(2)(iii) (defining "term of confinement" as "the period from the first day of the sentence that begins first through the last day of the sentence that ends last" for "consecutive sentences").

[4] Respondents have provided a breakdown of diminution credits. ECF No. 11 at pp. 3-4. The calculation of diminution credits implicates state law and regulations and need not be examined here  Gerald is free to petition the appropriate state agencies and courts should he wish to contest the application of diminution credits.

[5] Gerald has no absolute entitlement to appeal a district court's denial of his habeas corpus request. *See* 28 U.S.C. § 2253(c) (1) and (2).